IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **GULMAR OFFSHORE MIDDLE EAST LLC,** § § § | C.A. No. 4-11-1115 Filed Under Rule 9(h) |
| Plaintiff, § § | Fed. R. Civ. P. |
| v. § § § | (ADMIRALTY) |
| **OCEANOGRAFIA S.A. DE C.V.,** § § | |
| Defendant. § | |

## VERIFIED ORIGINAL COMPLAINT

Gulmar Offshore Middle East LLC ("Gulmar"), by its undersigned attorneys, for its Complaint against Oceanografia S.A. de C.V. ("OSA"), alleges upon information and belief as follows:

I.

### JURISDICTION AND VENUE

1. This is a case of admiralty and maritime jurisdiction under 28 U.S.C. §1333 and 9 U.S.C. §8 and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Gulmar's claims are maritime claims under a contract of charterparty for the M/V GULMAR CONDOR (the "Vessel") under which they arise.

2. Venue is proper in this Court because property of defendant OSA within the meaning of Supplemental Rule B(i)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure sought to be attached is or will be within this District during the pendency of this action.

II.

## THE PARTIES

3. Plaintiff Gulmar was and now is a business entity duly organized and existing under the laws of the United Arab Emirates with its office and place of business at Al Borj Tower, Al Husan Avenue, 15th Floor, P.O. Box 2533, Sharjah, U.A.E.

4. Defendant OSA was and now is a business entity duly organized and existing under the laws of Mexico with its office and place of business at Ave. 4 Oriente, Manzana D, Lole 3, Puerto Industrial Laguna Azul, 24140 Cuidad Del Carmen, Camp. Mexico.

5. Garnishee McDermott Gulf Operating Company, Inc. ("McDermott") is a corporation organized and existing under the laws of the State of Texas which maintains its principal place of business at 757 N. Eldridge Parkway, Houston, Texas 77079.

III.

## THE FACTS

6. Gulmar, as vessel owner, entered into a contract of charterparty on or about February 3, 2010 (the "Charter") in respect of the Vessel with OSA, as Charterer. A true copy is attached as Exhibit 1 to the declaration of Jeremy J.O. Harwood dated March 25, 2011 ("Harwood Dec.").

7. The Charter is governed by English law and disputes arising under it are subject to arbitration in London.

8. OSA breached the Charter by refusing to pay amounts due and owing under it.

9. Gulmar demanded arbitration and nominated an arbitrator. OSA nominated an arbitrator. The two party-appointed arbitrators constitute the tribunal (the "Tribunal").

10. Gulmar submitted its claims to the Tribunal by letter brief dated December 1, 2010. A true copy, with Exhibits 1-24 is Exhibit A to the Harwood Declaration.

11. Gulmar claims, as best as may be presently determined, damages arising from OSA's breach of the Charter of no less than $1,800,000 plus awardable legal fees and costs in the London arbitration and interest on its principal claims.

12. OSA has appeared in the London arbitration and challenged the Tribunal's jurisdiction. *See* Harwood Dec. Exhibit B.

IV.

## **RULE B ALLEGATIONS**

13. Defendant OSA is an entity that is not present within the district as that term is understood under Supplemental Rule B. *See* Affidavit of Douglas J. Shoemaker attached as Exhibit A, incorporated herein.

14. OSA is a non-resident as that term is used in subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code; it does not maintain a business office or address in Texas, and has not designated or maintained a resident agent for service of process in Texas.

15. On information and belief OSA does now or will during the pendency of this action have tangible and intangible property within the meaning of Supplemental Rule B in the Southern District of Texas in the hands of garnishee McDermott; as shown below.

16. OSA filed a complaint, as plaintiff, naming McDermott and Secunda Marine Services, Inc., as defendants, in the U.S. District Court for the Southern District of Alabama on April 13, 2010 (the "Complaint").

17. A true copy of the Compliant is Exhibit C to the Harwood Declaration.

18. The Alabama District Court, by order dated February 11, 2011 has denied the defendant's motion to dismiss or to abstain from hearing the Complaint. Harwood Dec. Ex. D.

19. The Complaint asserts a claim for recovery for damages and claims "the loss of revenues that OSA would have earned but for the defendants' misconduct is an amount presently estimated as being in excess of $10 million; physical damage ...; punitive damages; and attorneys' fees, interest and costs." (Harwood Dec. Ex. C, ¶XVII at page 6).

20. In order to secure payment from OSA, Gulmar is entitled under Rule B and 9 U.S.C. § 8 to attach the debt owing by McDermott to OSA as "property" belonging to OSA in this district.

V.

COUNT I

RULE B RELIEF

21. Gulmar repeats paragraphs 1 through 20 as if fully set forth herein.

22. Gulmar seeks issuance of process of maritime attachment so that it may obtain security for its claims in London arbitration including its English attorneys' fees and arbitrators' fees which are routinely awarded in London arbitration and no security for Gulmar's claims has been posted by OSA or anyone acting on its behalf to date.

23. At best as can now be estimated, Gulmar expects to recover the following amounts in the arbitration:

| | | |
|---|---|---|
| A. | On the principal claim | $1,800,000 |
| B. | Estimated Recoverable English Lawyers and Arbitrators' Fees & "Costs" | $250,000 |
| C. | Interest over the course of 3 years on principal claim at prime rate average of 6% per annum: | $324,000 |
| | **TOTAL**: | $2,374,000 |

VI.

## PRAYER

WHEREFORE Plaintiff Gulmar prays that the Court:

a.  That summons in due form of law, according to the practice of this Court in cases of admiralty jurisdiction issue against Defendant OSA;

b.  That process in due form of law according to the rules of practice of this Court, issue from this Court to attach and to seize the tangible and intangible goods belonging to Defendant, including but not limited to any debt now or to become owing by McDermott to OSA in an amount up to $2,374,000;

c.  That as soon as is practical, following the attachment and garnishment of Defendant's tangible and intangible personal property, a further hearing be held by this Court pursuant to Rule E(4)(f) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure to hear any objections Defendants may have to the attachment and garnishment;

d. Grant Gulmar judgment against OSA in the amount of $2,374,000, plus interest, costs and fees;

e. In the alternative, should the Court so determine, after ordering the attachment and ensuring security for Gulmar's claims, stay this matter as appropriate to resolve the underlying dispute in this case in London arbitration pursuant to 9 U.S.C. § 203 and 9 U.S.C. § 3; and

f. Render such other, further relief as may be just in the premises.

Dated: Houston, Texas
March 25, 2011

Respectfully submitted,

*/s/ Douglas Shoemaker*

**Michael K. Bell**
TBA No. 02081200
Fed. ID 5085
5847 San Felipe, Suite 4600
Houston, Texas 77057
TEL: 713-871-8822
FAX: 713-871-8844
**GULMAR OFFSHORE**
**MIDDLE EAST LLC**

Of Counsel:
**Douglas J. Shoemaker**
TBA No. 00788406
Fed. ID 16854
**BELL, RYNIKER & LETOURNEAU, P.C.**

Jeremy J.O. Harwood
**Blank Rome LLP**
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
TEL: 212-885-5149
FAX: 917-332-3720

## VERIFICATION

STATE OF NEW YORK )
: ss.:
COUNTY OF NEW YORK )

Jeremy J.O. Harwood, being duly sworn, deposes and says:

1. I am a member in good standing of the bar of the State of New York and, *inter alia*, of the United States District Court for the Southern District of New York and partner with the firm of Blank Rome LLP, co-counsel for Plaintiff, in its New York office. I represent Plaintiff in the London arbitration described in the foregoing Complaint.

2. I have read the foregoing Complaint and I believe the contents thereof are true based upon my personal knowledge.

3. The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of Plaintiff.

                                                                            /s/ Jeremy Harwood
                                                                            Jeremy J.O. Harwood

Sworn to before me this
25th day of March, 2011

_____
Notary Public

KARL V. REDA
Notary Public, State of New York
No. 30-4783126, Qual. in Nassau Cty.
Certificate Filed in New York County
Commission Expires 3/11/30/13

7

127023.00602/7002865v.1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **GULMAR OFFSHORE MIDDLE EAST LLC,** | § § § § § § § § § § § | **C.A. No. H-11-** **Filed Under Rule 9(h)** **Fed. R. Civ. P.** |
| Plaintiff, | | |
| v. | | **(ADMIRALTY)** |
| **OCEANOGRAFIA S.A. DE C.V.,** | | |
| Defendant. | | |

### AFFIDAVIT PURSUANT TO SUPPLEMENTAL RULE B

**STATE OF TEXAS**          §
                                              §
**COUNTY OF HARRIS**   §

Douglas J. Shoemaker, being duly sworn, deposes and says:

1. I am a member of the Bar of this Honorable Court and a member of the firm of Bell, Ryniker & Letourneau, attorneys for the Plaintiff herein. I am familiar with the circumstances of the Verified Complaint and submit this affidavit in support of Plaintiff's request for the issuance of Process of Maritime Attachment and Garnishment of the property of defendant, Oceanografia S.A. de C.V. ("Defendant"), a foreign corporation or other entity, pursuant to Supplemental Rule B For Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

2. Defendant is a party to a shipbuilding contract on which this claim is based, and is a foreign corporation or other business entity organized and existing under the laws of Mexico or another foreign jurisdiction.



EXHIBIT A

3.  Under my supervision, my office conducted a search of the Texas State Secretary of State, Division of Corporations, telephone assistance, and a general internet search. In our search, we did not find any listing or reference to Defendant in this judicial district or the state of Texas. In the circumstances, I believe Defendant cannot be found within the district.

_____
Douglas Shoemaker

Sworn to and signed before me this 25th day of March, 2011, by Douglas J. Shoemaker, known to me.

_____
Notary Public in and for the State of Texas

STAMP OR SEAL:

BRENDA ROSEMAND STEINDLER
My Commission Expires
April 21, 2014