IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GULMAR OFFSHORE MIDDLE EAST LLC, | § § § § § § § § § § § | C.A. No. H-11-<br>Filed Under Rule 9(h)<br>Fed. R. Civ. P.<br><br>(ADMIRALTY) |
| Plaintiff, | | |
| v. | | |
| OCEANOGRAFIA S.A. DE C.V., | | |
| Defendant. | | |

MEMORANDUM OF LAW IN SUPPORT OF ISSUANCE
OF ORDER OF MARITIME ATTACHMENT AND
GARNISHMENT UNDER FED. R. CIV. P. RULE B OF
THE SUPPLEMENTAL RULES FOR CERTAIN
<u>ADMIRALTY AND MARITIME CLAIMS</u>

Michael K. Bell
Douglas J. Shoemaker
Attorneys for Plaintiff
BELL, RYNIKER & LETOURNEAU, P.C.
5847 San Felipe, Suite 4600
Houston, Texas 77057
TEL: 713-871-8822
FAX: 713-871-8844

OF COUNSEL:
Jeremy J.O. Harwood
BLANK ROME LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
(212) 885-5000

# TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................................1

THE BASIC FACTS ............................................................................................................1

ARGUMENT ........................................................................................................................1

POINT I .................................................................................................................................1

      THE CONDITIONS FOR A RULE B ATTACHMENT EXIST ....................1

A.    Defendant Cannot Be "Found" in this District Pursuant to Rule B ..............1

      1. First Prong ........................................................................................2

      2. Second Prong....................................................................................2

POINT II ...............................................................................................................................3

      THE ALLEGED DEBT OWED BY GARNISHEE MCDERMOTT TO
      DEFENDANT OSA IS ATTACHABLE PROPERTY UNDER
      SUPPLEMENTAL RULE B ................................................................................3

CONCLUSION.....................................................................................................................4

## INTRODUCTION

Plaintiff GULMAR OFFSHORE MIDDLE EAST LLC ("Gulmar") respectfully submits this memorandum of law in support of its emergency application pursuant to Supplemental Rule B to obtain an order of maritime attachment and garnishment ("PMAG") under Supplemental Rule B of the Supplemental Rules of F. R. Civ. P. For Certain Admiralty And Maritime Claims ("Supplemental Rules").

## THE BASIC FACTS

As set out in the Verified Complaint and the exhibits to the accompanying declaration of Jeremy J.O. Harwood dated March 25, 2011 ("Harwood Dec.") Gulmar claims for breach of a contract of charter party, as owner, against Oceanografia S.A.de C.V., as charterer, in respect of the M/V GULMAR CONDOR (the "Vessel"). The claim and defenses are to be determined in London maritime arbitration under the rules of the London Maritime Arbitrators' Association. Harwood Dec. Exs. A and B.

## ARGUMENT

### POINT I

### THE CONDITIONS FOR A RULE B ATTACHMENT EXIST

Supplemental Rule B provides "[w]ith respect to any admiralty or maritime claim <u>in personam</u>" for attachment of "credits and effects in the hands of garnishees to be named in the process to the amount sued for, if the defendant <u>shall not be found within the district</u>." (emphasis added).

A.  <u>Defendant Cannot Be "Found" in this District Pursuant to Rule B</u>

There is a well defined two-prong test to determine whether a defendant can be "found" within a District: "First, whether (the respondent) can be found within the district in terms of jurisdiction, and second, if so, whether it can be found for service of process." *Seawind*

*Compania, S.A. v. Crescent Line*, 320 F.2d 580, 582 (2d Cir. 1963). In this particular matter, defendant fails to meet both prongs of this test.

1. First Prong

Being "found within the district" for jurisdictional purposes (the first prong) requires that the defendant "be engaged in sufficient activity in the district to subject it to jurisdiction even in the absence of a resident agent expressly authorized to accept process." *Id.* at 583. "[A] defendant corporation is found within [the] jurisdiction of a federal district court if in the recent past it has conducted substantial commercial activities in the district and will probably continue to do so in the future." *Bay Casino, LLC v. M/V Royal Empress*, 20 F. Supp.2d 440, 451 (S.D.N.Y. 1998).

2. Second Prong

The second prong requires the defendant have an agent for service of process.

The burden of proving that a defendant can satisfy both prongs of the test after the plaintiff's initial showing that at least one of the conditions for the Rule B remedy applies lies with the defendant. As stated in *K/S Ditlev Chartering A/S & Co. v. Egeria S.p.A. di Navigazione*, 1982 A.M.C. 1817 (E.D. Va. 1982):

> Although [defendant] has thus established that it is found within the district for service of process, the law requires [defendant] to establish that it is also found within the district for the purposes of personal jurisdiction.

*Id.* at 1819 (citation omitted).

As shown in the supporting Rule B Affidavit of Douglas Shoemaker dated March 25, 2011, Defendant cannot be found in this District despite a diligent search.

## POINT II

### THE ALLEGED DEBT OWED BY GARNISHEE MCDERMOTT TO DEFENDANT OSA IS ATTACHABLE PROPERTY UNDER SUPPLEMENTAL RULE B

Supplemental Rule B provides a very broad definition of attachable property, permitting "a prayer for process to attach the defendant's tangible or intangible property - up to the amount sued for - in the hands of the garnishee named in the process." Rule B(1)(a). Here OSA's property sought to be attached is the debt that it alleges in its Complaint that garnishee McDermott owes it. Harwood Dec. Ex. C. The Court of Appeals for the Second Circuit has noted that under an executed contract "maturity of the debt is not a prerequisite for garnishment." *Reibor International Ltd. v. Cargo Carriers (KACZ-Co.) Ltd.*, 759 F.2d 262, 265 (2d Cir. 1985). Here the unmatured status of McDermott's debt to OSA, as alleged in its complaint, is an "intangible" debt that may be attached.

## CONCLUSION

Plaintiff respectfully requests that the Court order that issuance of a PMAG and grant such other relief as is fair and equitable and as requested herein.

Dated: Houston, Texas
       March 25, 2011

Respectfully submitted,

*/s/ Douglas Shoemaker*
Michael K. Bell
TBA No. 02081200
Fed. ID 5085
5847 San Felipe, Suite 4600
Houston, Texas 77057
TEL: 713-871-8822
FAX: 713-871-8844
Attorneys for Plaintiff
**GULMAR OFFSHORE MIDDLE EAST LLC**

Of Counsel:
**Douglas J. Shoemaker**
TBA No. 00788406
Fed. ID 16854
**BELL, RYNIKER & LETOURNEAU, P.C.**

and

Jeremy J.O. Harwood
**Blank Rome LLP**
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
TEL: 212-885-5149
FAX: 917-332-3720

-4-